IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ADRIAN ROSALIO REYES OVALLE
et al,

Plaintiffs,

v.

HARRIS BLACKTOPPING, INC. et al,
Defendants.

CIVIL ACTION NO. 2:21-cv-03591

## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND FOR AN ORDER PERMITTING REMOTE DEPOSITIONS OF CERTAIN PLAINTIFFS

Plaintiffs, by and through counsel, move for a protective order under Federal Rule of Civil Procedure 26(c), and for an order permitting Plaintiffs Benjamin Ruiz Vazquez and Juan Mario Reyes Ovalle to appear for their depositions remotely, under Federal Rule of Civil Procedure 30(b)(4). Plaintiffs Ruiz and Reyes are citizens and residents of Mexico. Although their depositions are scheduled to take place in Philadelphia on May 18 and 19 (Exs. 1 & 2), it is impossible for either of them to travel to the United States. Plaintiffs' counsel has arranged for Plaintiffs Ruiz and Reyes to testify via live video conference in a law office in Aguascalientes, Mexico and requests that the Court allow remote depositions of Plaintiffs Ruiz and Reyes.

### I.     Certification of Counsel

Pursuant to Local Civil Rule 26.1(f), Plaintiffs' counsel certifies that the parties, after reasonable effort, cannot resolve the dispute. Those reasonable efforts are summarized below.

### II.     Factual Background

On February 14, 2022, Plaintiffs' counsel advised Defendants' counsel via telephone conference that certain Plaintiffs were located in Mexico. Plaintiffs' counsel stated that Plaintiffs in the U.S. would be made available in Philadelphia; Plaintiffs located in Mexico would be made available remotely. Defendants' counsel agreed to take depositions of all Plaintiffs remotely.

1

The following day, on February 15, at the Initial Pretrial Conference before Judge Kearney, Plaintiffs' counsel informed the Court of the remote deposition agreement and their intention to use certain Plaintiffs' deposition testimony as trial testimony due to these Plaintiffs' inability to travel to the United States. Defendants' counsel did not state any objection.

On March 11, 2022, Plaintiffs' counsel had another telephone conference with Defendants' counsel on the issue of depositions. Defendants' counsel, for the first time, informed Plaintiffs' counsel that he would not agree to conduct any depositions remotely. Plaintiffs' counsel again explained that certain Plaintiffs were unable to enter the country. Defendants' counsel stated it was his position that Plaintiffs chose the Eastern District of Pennsylvania as their forum, and therefore must make themselves available in this forum. Defendants' counsel did not explain how he expected these Plaintiffs to come to Philadelphia and informed Plaintiffs' counsel that he would not consider any alternatives to in-person testimony.

On March 16, 2022, Plaintiffs' counsel emailed Defendants' counsel asking Defendants' counsel to confirm that he would not agree to depose certain Plaintiffs remotely. Defendants' counsel did not reply to the question (Ex. 3 "March 16, 2022 Email").

On March 25, 2022, Plaintiffs' counsel emailed Defendants' counsel asking him to confirm that he would not agree to those remote depositions (Ex. 4 "March 25, 2022 Email").

On April 5, 2022, Defendants' counsel replied to Plaintiffs' counsel stating that he intended to take all Plaintiffs' depositions in person (Ex. 5 "April 5, 2022 Email").

On April 7, 2022, Defendants' counsel emailed Plaintiffs' counsel Notices of Deposition of all Plaintiffs, including those located in Mexico, to take place at counsel's office in Philadelphia, Pennsylvania (Ex. 6 "April 7, 2022 Email").

On April 20, 2022, Plaintiffs' counsel emailed Defendants' counsel to request a final meet and confer in an effort to avoid involving the Court (Ex. 7 "April 20, 2022 Email"). Defendants' counsel did not respond to the request to meet and confer.

### III.    Argument

Under Federal Rule of Civil Procedure 26(c)(1), a protective order is available, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *See Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994). Courts may, by protective order, resolve disputes as to the location of a deposition where physical or financial hardship prevent a deponent from appearing in the forum. *Phila. Indem. Ins. Co. v. Fed. Ins. Co.*, 215 F.R.D. 492, 495 (E.D. Pa. 2003). Here, there is good cause because it is not only burdensome, but likely impossible for Plaintiffs Ruiz and Reyes to lawfully enter the United States.

There are only two realistic ways for low-wage workers like Plaintiffs to enter the United States to attend a deposition: a non-immigrant B-visa for business or tourists ("visitor visa") or humanitarian parole. Plaintiffs cannot avail themselves of either, both because processing times are too slow, and because Plaintiffs' applications would almost certainly be denied.

### A.  Visitor Visa

Visitor visas are available to individuals who wish to enter the country temporarily for business or tourism. Two aspects of the visitor visa application process present hurdles to Plaintiffs Ruiz and Reyes to enter the U.S. before the close of fact discovery in June 2022.

First, obtaining a visitor visa from Mexico is an extremely lengthy process. An applicant must schedule an appointment for an interview at an embassy or consulate within their country, 22 C.F.R. § 41.102, which currently entails a minimum wait time of 564 days. *See* U.S. Dep't of

State, *Visitor Visa*, *available at* https://travel.state.gov/content/travel/en/us-visas/tourism-

visit/visitor.html (Ex. 8). In other words, even if they met all the other requirements for a visitor

visa, Plaintiffs will not be eligible to even be considered for a visitor visa for more than a year.

Second, applicants must prove an intention to return to their home country before

expiration of the visa. 22 C.F.R. § 41.31. Applicants can demonstrate such intent through strong

ties to their home country such as home ownership, employment in the home country, and

financial resources. *See* U.S. Dep't of State, *Visa Denials*, *available at*

https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/visa-denials.html

(Ex. 9). Plaintiffs Ruiz and Reyes will struggle to demonstrate an objective likelihood to return

to Mexico. Neither Plaintiff has steady employment nor bank accounts in Mexico. Plaintiff Ruiz

does not own his home. Moreover, Plaintiffs are indigent, low-wage workers and have

previously worked in the U.S., which weighs against a finding that they would return to Mexico.

These circumstances make them unlikely candidates for a visitor visa, even if one could be

secured in a timely manner.

### B.  Humanitarian Parole

Humanitarian parole may be available to non-citizens entering the U.S. for a compelling

emergency or humanitarian situation. 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(b). Although

humanitarian parole is sometimes used to facilitate entry for purposes of participating in civil

court proceedings, here, Plaintiffs are unlikely to be able to make use of it. In addition to

showing an exigent need to enter the country, applicants must demonstrate an ability to support

themselves financially while in the country. United States Government Accountability Office,

*Immigration Benefits*, *available at* https://www.gao.gov/assets/gao-08-282.pdf (Ex. 10). This is

done through an affidavit of support by a financial sponsor or through evidence that an applicant

has assets to support themselves. *See* USCIS, *Humanitarian or Significant Public Benefit Parole*

*for Individuals Outside the United States*, *available at*

https://www.uscis.gov/humanitarian/humanitarian-or-significant-public-benefit-parole-for-

individuals-outside-the-united-states (Ex. 11). As noted above, Plaintiffs are low-income

individuals without the financial resources to meet this requirement. And even if they could,

current processing times for Form I-131, the immigration form used to apply for humanitarian

parole, currently sit at 8.5 to 14 months. USCIS, *Check Case Processing Times, available at*

egov.uscis.gov/processing-times/ (Ex. 12). Humanitarian parole is not viable for Plaintiffs.[1]

### C.  Common Use of Remote Testimony

"[T]he court may on motion order . . . that a deposition be taken by telephone or other

remote means." Fed. R. Civ. P. 30(b)(4). Remote depositions are necessary to overcome

immigration obstacles and to meet the Court's litigation deadlines. Further, they are logistically

feasible, having become increasingly normalized during the COVID-19 pandemic.

Even before the pandemic, courts found good cause to permit testimony for depositions

and for trial via live video where travel to the United States was merely difficult or expensive.

*See, e.g.*, *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 479-81 (D. Md. 2010) (finding good cause to

permit testimony via video conference due to cost of travel for witnesses in Honduras); *Duksan*

*Sci. Co. v. Spectrum Process Equip., Inc.*, No. 05-6419, 2007 U.S. Dist. LEXIS 25241, at \*4

(E.D. Pa. Mar. 21, 2007) (granting protective order to allow remote deposition where it would be

costly and inconvenient for a party to travel from South Korea); *Dagen v. CFC Group Holdings*

*Ltd.*, No. 5682, 2003 U.S. Dist. LEXIS 20029, at \*2-3 (S.D.N.Y. Nov. 7, 2003) (finding good

cause to permit remote testimony for witnesses in Hong Kong due to travel costs, difficulty of

---

[1] We also note that Plaintiffs face further legal obstacles to entering the United States. Should the Court require additional details, we request a telephone conference to discuss the matter.

obtaining travel visas, and business disruption concerns). Courts have certainly been willing to find good cause where immigration status made a plaintiff unavailable. *See, e.g., Angamarca v. Da Ciro, Inc.*, 303 F.R.D. 445, 447 (S.D.N.Y. 2012) (finding compelling circumstances to allow plaintiff's remote deposition where plaintiff's immigration status prevented him from entering the country); *Garcia v. Bana*, No. 11–2047, 2012 U.S. Dist. LEXIS 87727, at *5 (N.D. Cal. June 25, 2012) (finding good cause to permit remote testimony where witness was unable to legally travel to United States from Chile); *Stephens v. 1199 SEIU*, No. 07-0596, 2011 U.S. Dist. LEXIS 78017, at *6 (E.D.N.Y. July 19, 2011) (allowing remote deposition based upon plaintiff's immigration status that made her unavailable to appear in person); *Haimdas v. Haimdas*, 720 F. Supp. 2d 183, 187 (E.D.N.Y. 2010) (noting that petitioner testified remotely due to inability to obtain a visa). Defense counsel's insistence on in-person depositions runs contrary to courts' common practice. Particularly during the pandemic remote depositions have become standard practice; courts have granted parties' use of this tool liberally, even describing the practice as the "new normal." *Rouviere v. Depuy Orthopaedics, Inc.*, 471 F. Supp. 571, 574 (S.D.N.Y.  2020); *see also, e.g., Fouad v. The Milton Hershey Sch. & Tr.*, 2020 U.S. Dist. LEXIS 129868, at *4 (M.D. Pa. July 23, 2020) (collecting cases).

In order to provide an appropriate setting and safeguards for the remote deposition, Plaintiffs' counsel has arranged for Plaintiffs Ruiz and Reyes to testify in a private conference room in Aguascalientes, Mexico on the same dates proposed by Defendants' counsel. Plaintiffs' counsel has obtained the assistance of Centro de los Derechos del Migrante, Inc. ("CDM"), a well-established transnational non-profit organization that provides litigation support services in cases involving migrant workers. A staff member from CDM will be available to operate the video conference technology and troubleshoot any difficulties.

### D. Interests of Justice

Courts have long been willing to allow remote testimony in circumstances like these because such flexibility makes the federal court system accessible to migrant workers who are wronged in the United States, leave the country, and then cannot return to the district where they were harmed. Plaintiffs filed suit in this District as their forum because they were damaged here and Defendants are located here. Denying their motion to proceed via remote means would effectively strip them of their ability to seek redress for the wrongs they allege.

### IV.    Conclusion

For these reasons, Plaintiffs respectfully request that the Court enter an order providing that the depositions of Plaintiffs Ruiz and Reyes shall take place remotely pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order, in the form submitted herewith, or provide other relief as the Court deems appropriate.


Dated: April 25, 2022                         Respectfully submitted,

                                              By: /s/ Samuel Datlof
                                              Samuel H. Datlof, Esq.
                                                  PA ID#: 324716
                                                  Email: sdatlof@justiceatworklegalaid.org
                                              Nina Menniti, Esq.
                                                  PA ID#: 326828
                                                  Email: nmenniti@justiceatworklegalaid.org
                                              Justice at Work
                                              990 Spring Garden Street, Suite 300
                                              Philadelphia, PA 19123
                                              Telephone: (215) 733-0878
                                              *Attorneys for Plaintiffs*