IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Adrian Rosalio Reyes Ovalle, et al.<br><br>v.<br><br>Harris Blacktopping Inc., et al. | Case No. 2:21-cv-3591 |

### Motion to Compel Defendant Harris Blacktopping, Inc. To Respond to Discovery

Defendant Harris Blacktopping, Inc. ("HB")'s discovery responses were due on March 24. After Plaintiffs gave HB two extensions, the company responded on April 5. Plaintiffs identified numerous material deficiencies in HB's responses, and the parties held a meet-and-confer on April 12. At the meet-and-confer, HB promised to search for responsive text messages between HB's principals and certain witnesses, and to update Plaintiffs on the status of that search within 24 hours. HB also promised to take numerous other actions by April 18: HB agreed to search for and produce critical documents, answer key interrogatories, and update Plaintiffs' counsel on their efforts.

It is now May 3, and HB has done none of the things it promised to do at the April 12 meet-and-confer. Having engaged in numerous efforts to get HB to cooperate in discovery voluntarily without success, Plaintiffs now turn to the Court.

### Defendants' Failure to Cooperate in Discovery

Plaintiffs' counsel (Datlof) served HB with interrogatories and document requests on February 22, 2022. On March 24, the day the responses were due, HB's counsel (Durivage) emailed Datlof to ask for a six-day extension until April 1. (Ex. 1). Datlof agreed. (Ex. 2). HB did not produce any discovery responses by April 1.

On April 4, Datlof reached out to Durivage by phone and email, noting that HB's

1

responses were now 11 days overdue, and gave him until the end of the day to respond or face a motion to compel. (*See* Ex. 3). Durivage emailed Datlof to say that HB would respond the next day, April 5 (*See* Ex. 4).

On April 5, Durivage sent Datlof HB's interrogatory responses and document production. Both responses were materially deficient. Datlof emailed Durivage the next day about the deficiencies, and the parties agreed to meet and confer on April 12. (*See* Ex. 5).[1]

At the April 12 meet-and-confer, the parties discussed discovery responses that Plaintiffs found deficient. HB committed to taking specific, concrete actions on nearly all of them. On April 13, another of Plaintiffs' attorneys (Menniti) emailed Durivage to memorialize what the parties had agreed to at the meet-and-confer. (Ex. 6) Menniti's April 13 email instructed Durivage to let Plaintiffs know if any part of Menniti's summary of the meet-and-confer was incorrect. (Ex. 6). Durivage did not respond to Menniti's April 13 email.

As memorialized in the April 13 email, HB agreed to rectify some of the problems within 24 hours, and to rectify others (or notify Plaintiffs of their progress) by April 18. (*See* Ex. 6).

The April 18 deadline came and went, but HB did not produce any additional documents, provide any additional information, or follow up with Plaintiffs' counsel about any of the issues it had agreed to report on at the meet-and-confer. The next day, Menniti emailed Durivage to inquire about HB's failure to do any of the things it had agreed to do at the meet-and-confer, and to ask for a meeting that week to discuss the matter. (Ex. 7). Durivage did not respond to this email.

HB has still taken no action on any of the commitments it made at the meet-and-confer.

---

[1] In their email of April 6, Plaintiffs mistakenly stated that HB had not produced any documents on April 5. HB had in fact produced some documents earlier that evening. However, for the reasons identified at the April 12 meet-and-confer, the production was deficient.

### The Court Should Compel Harris Blacktopping to Honor the Commitments It Made at the Meet-And-Confer

1. **Search the cell phones of Defendants James Harris and Harry Harris for responsive text messages.** HB agreed to search for and produce text messages between Defendants James Harris and Harry Harris and Plaintiffs Adrian Reyes, Mario Reyes, Patrick Ulupano, and third-party witness Vilivili Fitsemanu.

2. **Search for and produce images missing from text messages between HB secretary Kelly Thomas and third-party witness Margaret Reyes.** These images likely include photographs of Plaintiffs' timecards.

3. **Search for and produce responsive emails between Kelly Thomas and Margaret Reyes.**

4. **Produce gas card records.** Plaintiffs paid for gas for their daily commute using an HB gas card. These records are likely to be probative in determining Plaintiffs' hours of work.

5. **Produce payroll and timecard records for comparator workers.** These records are likely to be probative of Plaintiffs' discrimination claims.

6. **Produce a list of all HB "operator" and "laborer" workers** (including each worker's years at the company, race, age, and language spoken).

7. **Produce time records and timecards in original form and as originally kept.**

8. **Produce relevant personnel records.**

9. **Search for and produce correspondence between HB and its payroll providers.**

10. **Produce documentation related to prevailing wage projects, including prevailing wage schedules, locations of projects, and timing of projects**. These records will be probative of both the wage-and-hour and discrimination claims.

11. **Produce a list of all projects completed between 2017 and 2020**, which will allow Plaintiffs to identify witnesses to weekend work and other off-the-clock work.

Respectfully submitted,

Date: May 3, 2022                                    /s/Nicholas Marritz_____
                                                                       Nicholas Marritz, Attorney *Pro Hac Vice*
                                                                       **Justice At Work Pennsylvania**
                                                                       990 Spring Garden Street, Suite 300
                                                                       Philadelphia, PA 19123
                                                                       nmarritz@justiceatworklegalaid.org
                                                                       Tel: (215) 733-0878

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Adrian Rosalio Reyes Ovalle, et al.**<br><br>v.<br><br>**Harris Blacktopping Inc., et al.** | Case No. 2:21-cv-3591 |

### CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2022, I filed a copy of the foregoing document via the Court's CM/ECF system, which will cause all counsel of record to be served with a Notice of Electronic Filing and a link to the document, including:

Lee Durivage, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
LCDurivage@MDCWG.com


Dated:   May 3, 2022                         Respectfully Submitted,


                                             /s/Nicholas Marritz_____
                                             Nicholas Marritz, Attorney *Pro Hac Vice*
                                             **Justice at Work Pennsylvania**
                                             990 Spring Garden Street, Suite 300
                                             Philadelphia, PA 19123
                                             nmarritz@justiceatworklegalaid.org
                                             Tel: (215) 733-0878